UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| VS. | ) | CR06-0100T |
| | ) | |
| KIMBERLY KIRKLAND | ) | |

---

MOTION FOR SENTENCE CONSIDERATION

Now comes Kimberly Kirkland, the Defendant in the above captioned matter, and moves this Honorable Court, pursuant to Local Rule of Criminal Procedure 32 (2006), to consider and impose a sentence that is sufficient, but not greater than necessary, in compliance with18 U.S.C. § 3553(a). After considering all the appropriate information present in this case, the Court should conclude that the advisory guidelines call for a sentence longer than what is sufficient to comply with 18 U.S.C. § 3553(a). Ms. Kirkland requests the Court impose the minimum sentence of one day in custody followed by supervised release. Under the unique circumstances presented here, this sentence will be sufficient to satisfy the purposes of sentencing.

Respectfully submitted
Kimberly Kirkland
By his attorney,

/s/ Kevin J. Fitzgerald, 5775
Assistant Federal Defender
10 Weybosset St., Ste. 300
Providence, RI 02903
(401) 528-4281
FAX 528-4285
kevin_fitzgerald@fd.org

CERTIFICATION

I hereby certify that the within was filed electronically with notification to Kurt O'Sullivan, United States Probation Officer, and Dulce Donovan, Assistant United States Attorney, on May 17, 2007.

/s/ Kevin J. Fitzgerald

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| VS. | ) | CR06-0100T |
| | ) | |
| KIMBERLY KIRKLAND | ) | |

---

MEMORANDUM IN SUPPORT OF SENTENCING

I. Introduction

Ms. Kirkland respectfully submits this memorandum to assist the Court in determining a sentence "sufficient but not greater than necessary" to achieve the statutory purposes of sentencing. 18 U.S.C. § 3553(a) (2005). Additionally, Ms. Kirkland submits this memorandum in support of his Motion for Sentencing Consideration advocating for a sentence outside of the suggested guideline range. The Court is required to sentence a defendant below the advisory guideline range if such a sentence is sufficient to achieve the purposes of sentencing. *Id*. Ms. Kirkland requests the Court to consider imposing the minimum sentence of one day in custody followed by supervised release. The proposed sentence adequately addresses society's needs of punishment and deterrence under these circumstances without being longer than necessary.

II. Procedural Background

The government filed the two count information charging bank fraud in this matter on September 19, 2006. Ms. Kirkland agreed to waive the grand jury process and concede to the information in court on October 4, 2006. Ms. Kirkland has been released on pretrial supervision without event since that time. Ms. Kirkland pled guilty to both counts on November 17, 2006. Sentencing is scheduled for May 24, 2007.

III. Sentencing Considerations

A. General

The Court is bound in its sentencing considerations by 18 U.S.C. § 3553(a). The United States Sentencing Guidelines are not the law and the Court is not bound by its suggested sentences. *United States v. Booker*, 543 U.S. 220, 259 (2005). The statute, § 3553(a), requires the Court to consider the nature and circumstances of the offense and the history and characteristics of the defendant, the kinds of sentence available, the need to avoid unwarranted sentencing disparity, the need to provide restitution, and the suggested guideline range. 18 U.S.C. § 3553(a)(1), (a)(3)-(7). The primary sentencing mandate of § 3553(a) directs the sentencing court to impose the minimally-sufficient sentence to achieve the statutory purposes of punishment—justice, deterrence, incapacitation, and rehabilitation: "The court shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in [18 U.S.C. § 3553(a)(2)]." 18 U.S.C. § 3553(a) (emphasis added).[1] This so-called "parsimony provision" is not simply a factor to be considered in determining sentence; it represents a cap above which the Court is statutorily prohibited from sentencing, even when a greater sentence is recommended by the sentencing guidelines. *Cf., United States v. Denardi*, 892 F.2d 269, 276-77 (3d Cir. 1989) (Becker, J., concurring in part, dissenting in part).[2] If the Court feels a sentence below the guidelines supports the purposes of sentencing then the Court must impose that particular sentence.

The statutory language notwithstanding, the First Circuit has proclaimed that the advisory

---

[1] The statute provides, in pertinent part, that

"the court consider the need for the sentence imposed-

> (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
> (B) to afford adequate deterrence to criminal conduct;
> (C) to protect the public from further crimes of the defendant; and
> (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;"

18 U.S.C. § 3553(a)(2) (2005).

[2] The precise meaning of the provision, however, is difficult to discern. *See United States v. Navedo-Concepcion*, 450 F.3d 54, 58-59 (1st Cir. 2006) (pointing out that most of the purposes of sentencing weigh negatively toward a defendant and that "there is no mathematical algorithm for the perfect sentence.").

guideline range is not just a mere factor in the list above. *United States v. Jimenez-Beltre*, 440 F.3d 514, 518 (1st Cir. 2006); *see also United States v. Thurston*, 456 F.3d 211, 215 (1st Cir. 2006), *United States v. Smith*, 445 F.3d 1, 4(1st Cir. 2006). The Circuit Court believes the guidelines should carry more weight than the other considerations because they "represent the only integration of the multiple sentencing factors set forth in § 3553(a), often reflect past practice, and bear the imprimatur of the Sentencing Commission." *Thurston*, 456 F.3d at 215 (quoting *Smith* 445 F.3d at 4). Beyond the declaration of heightened importance, the guidelines are not presumptively or per se reasonable, and still reflect generalizations in sentencing. *Jimenez-Beltre*, 440 F.3d at 518. The Court made that distinction seemingly to avoid the appearance of reestablishing a mandatory sentencing scheme. *Id*. (as struck down in *Booker*). Unfortunately, the heightened influence of the guidelines, as well as the sliding scale of justification for sentences outside of the guidelines[3], continues to embrace and support a de facto mandatory sentencing scheme.[4]

This Court must guard against any de facto mandatory sentencing scheme. *Booker*, 543 U.S. at 258-61 (mandatory sentencing schemes unconstitutional). While the guidelines incorporate a number of sentencing factors, they do not include any analysis, evaluation, or consideration of an individual's unique characteristics; they are generalizations. *See Jimenez-Beltre*, 440 F.3d at 518. An individual's background, character, and upbringing cannot be easily quantified in a guideline system, nevertheless, the Court must consider that unique individual information. 18 U.S.C. § 3553(a). In short, the guidelines represent cookie cutter justice at its worst; one size does not fit all. The Court must eschew general application of the advisory guidelines and consider all of the unique characteristics of the defendant when determining this sentence. The sentencing judge is in the best

---

[3]The First Circuit now requires greater justification for sentences outside of the advisory guideline range depending on how much the sentence varies from the guideline. *Thurston*, 456 F.3d at 215 (citing *Smith*, 445 F.3d at 4).

[4] In fact, the First Circuit has yet to reverse a guideline sentence as unreasonable while reversing every below guideline sentences appealed by the government. *See* NYCDL Appendix to Amicus Brief in *Rita v. United States* and *Claiborne v. United States* (excerpt attached; available at www.nycdl.org (reasonableness review database).

position to evaluate individual defendants under § 3553(a) and determine the appropriate sentence.[5] Ms. Kirkland presents ample circumstance to warrant the Court's imposition of a sentence below the advisory guideline range.

B. Criminal History

Ms. Kirkland has no prior criminal contacts.

C. Nature of the Offense

All felony charges can be described as serious offenses, but these crimes are fraud based and not crimes of violence or drug trafficking crimes. As such, Ms. Kirkland's conduct presents a less serious situation than most defendants before this Court. The nature of Ms. Rather's crimes, taken as a whole, warrant a sentence somewhat below the suggested sentence in the PSR.

V. The Minimally-Sufficient Sentence

The parsimony provision of 18 U.S.C. § 3553(a) imposes a statutory cap on sentences, regardless of what is recommended under the sentencing guidelines. The sentence cannot be greater than necessary to achieve the purposes of punishment. 18 U.S.C. § 3553(a)(1). Ms. Kirkland requests the Court to consider the minimum sentence of one day in custody. The proposed sentence strives to achieve the goals of sentencing while also addressing Ms. Kirkland's unique family circumstance.

In determining the minimally-sufficient sentence, the Court must basically ask whether a more severe sentence would achieve greater justice, deterrence, incapacitation, or rehabilitation. In this instance the Court has an advisory sentencing range of 12 months, low end, in prison for a first time offender. That suggested sentence does not include any consideration of Ms. Kirkland individually as required by § 3553(a)(1) (individual's unique background and characteristics), nor the unique facts of this case. Ms. Kirkland does not present a threat to society or any likely prospect to re-offend; she has, in fact remained trouble free since this incident almost two years ago. This

[5] Comparing other § 3553(a) factors to advisory guidelines actually resembles the comparison of apples to oranges because only the guidelines directly coincide with a time period; the sentencing court must then look to the other factors to determine if that suggested period of incarceration is appropriate under all of the circumstances in the case. *Jimenez-Beltre*, 440 F.3d at 525 (Lipez, J., dissenting) (emphasis added).

Court must take that into consideration and not apply the advisory sentencing guideline in any presumptive manner. The facts and circumstances present here, taken as a whole, warrant a sentence below the advisory range.

V. Conclusion

For all of these reasons, Ms. Kirkland asks the Court to impose the minimum sentence of 1 day in custody followed by supervised release.

Respectfully submitted
Kimberly Kirkland
By her attorney,

/s/ Kevin J. Fitzgerald, 5775
Assistant Federal Defender
10 Weybosset St., Ste. 300
Providence, RI 02903
(401) 528-4281
FAX 528-4285
kevin_fitzgerald@fd.org

CERTIFICATION

I hereby certify that the within was filed electronically with notification to Kurt O'Sullivan, United States Probation Officer, and Dulce Donovan, Assistant United States Attorney, on May 17, 2007.

/s/ Kevin J. Fitzgerald